<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN SPANO et al., : | |
| : | |
| Plaintiffs, : | |
| : | Civil No. 05-6039 (AET) |
| v. : | |
| : | **<u>ORDER</u>** |
| THE HOTEL CORPORATION OF THE : | |
| BAHAMAS D/B/A RADISSON CABLE : | |
| BEACH GOLF AND CASINO RESORT : | |
| : | |
| Defendant. : | |
| : | |

<u>THOMPSON, U.S.D.J.</u>

This matter having come before the Court upon the Motion of Plaintiffs Joan Spano and Edward Spano (collectively, "Plaintiffs") for Default Judgment against Defendant The Hotel Corporation of the Bahamas d/b/a Radisson Cable Beach Golf and Casino Resort; and the Court having considered Plaintiffs' unopposed submissions without oral argument pursuant to Fed. R. Civ. P. 78; and pursuant to Fed. R. Civ. P. 55(b)(2); and

IT APPEARING to the Court that Defendant was served with a copy of the Summons and Complaint and that the time to file an answer has expired; and it further

APPEARING that Defendant has not answered the Complaint or otherwise pleaded; and it further

APPEARING that, on March 12, 2007, the Clerk entered default as to Defendant for failure to plead; and it further

APPEARING that, on July 28, 2007, Plaintiffs filed a Motion for Default Judgment as to

Defendant; and it further

APPEARING that Plaintiffs have submitted a Memorandum of Law in support of their Motion for Default Judgment asserting that they are entitled to certain relief; and it further

APPEARING that "before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Directv v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *3 (D.N.J. Mar. 14, 2006); and it further

APPEARING that the Court finds that Plaintiffs have established a legitimate cause of action of negligence through the affidavits of Joan Spano, Edward Spano, and Susan Geurs, and would be prejudiced if no default judgment was entered, and that Defendant has not answered or asserted any defense, meritorious or otherwise, see Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); and it further

APPEARING that although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages, see Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990); and for good cause shown,

IT IS on this 5th day of September, 2007

ORDERED that Plaintiffs' Motion for Default Judgment [20] is GRANTED; and it is further

ORDERED that the parties shall contact the Court within seven (7) days of the entry of this Order to set a date for an in-person hearing on the issues of damages, costs, and attorney's fees, pursuant to Fed. R. Civ. P. 55(b)(2); and it is further

ORDERED that Plaintiffs shall serve a copy of this Order upon the Defendant named herein.

                                                    s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.